# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
April 24, 2001 Session

## RALPH PHILLIP CLAYPOLE, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. SN15969     Frank G. Clement, Jr., Judge**

---

### No. M1999-02591-CCA-R3-PC - Filed May 16, 2001

---

The petitioner filed a petition for writ of habeas corpus, claiming that the constitutional prohibition against double jeopardy was violated by his multiple sentences. The post-conviction court denied the petition, finding that the judgments of conviction were facially valid. We affirm the order of the post-conviction court dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

David A. Gold, Nashville, Tennessee, for the appellant, Ralph Phillip Claypole, Jr.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bernard McEvoy, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner was convicted in the Davidson County Criminal Court in 1995 of vehicular homicide by intoxication, vehicular homicide by reckless conduct, reckless endangerment, DUI, and driving on a revoked license. While in custody for these sentences at the Tennessee Department of Correction facility in Only, Tennessee, he filed a petition for writ of habeas corpus, in the Davidson County Probate Court. Following a hearing, the petition was denied. The sole issue presented on appeal is as follows:

> Whether the trial court erred in dismissing petitioner's application for the writ of habeas corpus, holding that (a) the judgments and sentences are not illegal on their face, and (b) the habeas corpus proceeding is not the remedy for the types of judgments here involved.

We affirm the judgment of the post-conviction court dismissing the petition.

## ANALYSIS

In our review of this matter, we will first set out what the record shows, since many of the petitioner's claims are not supported by the record.

The judgment sheets in the record show that the petitioner was found guilty in the Davidson County Criminal Court on July 19, 1995, the judgments being entered on August 22, 1995, of vehicular homicide by intoxication, vehicular homicide by reckless conduct, reckless endangerment, DUI, and driving on a revoked license. All of these offenses occurred in Davidson County on December 9, 1994.

While imprisoned at the Tennessee Department of Correction facility in Only, Tennessee, which is located in Hickman County, the petitioner filed a petition for writ of habeas corpus. He explained his reasons for filing this petition in Davidson County, rather than Hickman County, as follows:[1]

> Petitioner submits the following reasons for applying to this Court in
> lieu of that most convenient in point of distance to him and believes
> such satisfies the "sufficient reason" exception required by Tenn.
> Code Ann. § 29-21-105[.]

As his reasons, the petitioner argued that the most convenient forum was in Davidson County because the records and the witnesses were all located there.

The gravamen of the petitioner's claim was that (a) he could not be subjected to punishment for both vehicular homicide by intoxication and DUI, when both resulted from a single act of driving; (b) he could not be convicted for two counts of vehicular homicide when only a single victim was involved; and (c) he had not received all jail credit to which he was entitled.[2]

Following a hearing, at which the petitioner testified, the post-conviction court orally found as follows:

> I find that the habeas corpus petition is – should be denied for a
> couple of reasons. One I disagree with the petitioner. The judgments
> and sentences are not illegal on their face, and as General McEvoy

---

[1]In view of our ruling in this matter, it is unnecessary to determine whether the petitioner had sufficient reason to file his petition in Davidson County, rather than Hickman County.

[2]This claim was resolved by the post-conviction court and is not an issue on appeal.

> correctly stated, the habeas corpus petition proceeding is not the remedy, at least for those types of judgments.
>
> Secondly, I believe that the second amended judgment entered by Judge Kurtz August 25, 1999, either corrects – well let he [sic] me say correctly states the results of the hearing of December 21, 1995, which addresses many of the concerns raised by Mr. Claypole in his petition for habeas corpus relief.
>
> With all other matters that the Court has not addressed would be denied, but I believe that covers the territory.

Although the record on appeal contains the judgments which are the basis for the petitioner's petition, they do not identify the victim. Thus, from the appellate record, we cannot determine whether both counts of vehicular homicide resulted from the death of a single victim, as the petitioner asserts. Likewise, as to the petitioner's claim that he was convicted of DUI and vehicular homicide for a "single act of driving," the judgments show only that both were committed on the same date, that is, during a single twenty-four-hour period. It is the responsibility of the petitioner to prepare an adequate appellate record. State v. Matthews, 805 S.W.2d 776, 784 (Tenn. Crim. App. 1990).

The right to seek habeas corpus relief is guaranteed by Article I, Section 15 of the Constitution of the State of Tennessee. Procedures applicable to seeking the writ are codified at Tennessee Code Annotated Sections 29-21-101 to -130. In Tennessee, grounds upon which habeas corpus relief will be granted are very narrow. The writ will issue "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (1868)). Therefore, a habeas corpus petition may only be utilized to contest void, as opposed to simply voidable, judgments. See Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired. See Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998).

As for the petitioner's claims of double jeopardy, we note that, if true, the convictions would be voidable, not void. William A. Ransom v. State, No. 01C01-9410-CR-00361, 1995 WL 555064, at *3 (Tenn. Crim. App., Nashville, Sept. 20, 1995), perm. to appeal denied (Tenn. Feb. 5, 1996); Dewayne Haynes v. State, No. 03C01-9402-CR-00054, 1995 WL 319034, at *1 (Tenn. Ct. App., Knoxville, May 25, 1995), perm. to appeal denied (Tenn. Nov. 6, 1995). A judgment which is voidable can be attacked only by a petition for post-conviction relief, not through habeas corpus procedures. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).

We have examined the judgments upon which the petitioner bases his complaints and determined that they are facially valid. Therefore, habeas corpus relief is not available to him and his claims must fail.

## **CONCLUSION**

Based upon the foregoing authorities and reasoning, we affirm the order of the trial court denying the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE