IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 11, 2003

## RANDALL CARVER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Sumner County**
**No. 732-2000     Jane W. Wheatcraft, Judge**

---

**No. M2002-02891-CCA-R3-CO - File May 16, 2003**

---

On February 9, 2002, the petitioner pled guilty to aggravated assault and attempted especially aggravated kidnapping and was sentenced, respectively, to concurrent six- and eight-year sentences. On October 22, 2002, he filed a *pro se* "Petition for Writ of Error Coram Nobis and/or Writ of Habeas Corpus," seeking relief because of newly discovered evidence that, at the time of his pleas of guilty, the victim "was under numerous felony charges," which "information was flagrantly kept from the defense," and because he pled guilty to aggravated assault which is not a lesser-included offense of attempt to commit first degree murder, for which he was indicted. Additionally, he argues on appeal that the post-conviction court erred in dismissing his petition without appointing counsel or conducting an evidentiary hearing. Following our review, we affirm the post-conviction court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOE G. RILEY, J., joined.

Randall Carver, Northwest Correctional Complex, Tiptonville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; and Lawrence Ray Whitley, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

We first will outline the chronology of this matter. According to the amended judgments, the petitioner was indicted for attempt to commit first degree murder and especially aggravated kidnapping, which were amended, respectively, to aggravated assault, to which he pled guilty and received a sentence of six years, and to attempt to commit especially aggravated kidnapping, to which he pled guilty and received a sentence of eight years. These sentences were to be served

concurrently but consecutively to sentences imposed by the Commonwealth of Kentucky.

On October 22, 2002, the petitioner filed a *pro se* "Petition for Writ of Error Coram Nobis and/or Writ of Habeas Corpus" which was denied by the post-conviction court in a written order issued the same day. As to the alleged newly discovered evidence which had been kept from him, the post-conviction court stated that there was "no affidavit or corroboration of this bold assertion" and that the remedy of error coram nobis is only for new evidence that relates to matters which were actually litigated at trial, and, here, there was no trial because the defendant pled guilty. As to the petitioner's argument that he was illegally sentenced for the aggravated assault charge because that crime is not a lesser-included offense of attempted first degree murder, the post-conviction court reached the following conclusion:

> Petitioner alleges [aggravated assault] is not a lesser included offense of Attempted Murder with which the Petitioner was originally charged. While that allegation is true, it does not render the judgment void as this plea bargain was negotiated between the Defendant, his Counsel and the State of Tennessee and was accepted at a submission hearing by the Court.

Accordingly, the post-conviction court dismissed the petition, and this appeal resulted.

## ANALYSIS

The petitioner seeks coram nobis "and/or" habeas corpus relief. However, as we will explain, the petitioner has not set out viable claims pursuant to either of these avenues for relief.

A writ of error coram nobis is an extraordinary remedy by which the trial court may provide relief from a judgment under narrow and limited circumstances. State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). Regarding the writ, Tennessee Code Annotated section 40-26-105 provides, in pertinent part:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause. . . .

Likewise, the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). A void, as opposed to a voidable, judgment has been defined by our supreme court as "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); see also Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993); Passarella, 891 S.W.2d at 626. Thus, habeas corpus relief is available only when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." Archer, 851 S.W.2d at 164 (citation omitted). To obtain habeas corpus relief, the petitioner must show by a preponderance of the evidence that his sentence is void and not merely voidable. See Davenport, 980 S.W.2d at 409; Passarella, 891 S.W.2d at 627. Consequently, a petitioner cannot collaterally attack a facially valid judgment of the trial court in a petition for habeas corpus relief. Archer, 851 S.W.2d at 162.

In the petition which is the basis for this appeal, the petitioner challenges only the conviction for aggravated assault. The judgment of conviction for this offense shows that the petitioner was indicted for attempt to commit murder first degree and that the charge was amended to aggravated assault, the offense to which he pled guilty. It was the petitioner's right to agree to amendment of the indictment, see Tenn. R. Crim. P. 7(b), and to enter a plea of guilty to the amended offense of aggravated assault. The amendment of the indictment being apparent on the face of the judgment precludes the petitioner's claim that the conviction is void because aggravated assault is not a lesser-included offense of attempt to commit first degree murder. See Charles K. Hunter v. Ricky Bell, Warden, No. 01C01-9807-CR-00316, 1999 WL 482405, at *1 (Tenn. Crim. App. July 9, 1999) (a judgment reflecting an agreed amendment of attempt to commit first degree murder to aggravated assault is facially valid and, thus, not the subject of habeas corpus relief).

In a related claim, the petitioner contends that his guilty plea is voidable because it was entered unknowingly, meaning that he pleaded guilty to aggravated assault for which he was not indicted and which was not a lesser-included offense of attempted first degree murder. However, since the judgment of conviction shows that the petitioner pled guilty to the amended charge of aggravated assault, his plea of guilty is neither void nor voidable.

Additionally, the petitioner contends that "the Prosecution, the Sentencing Court, and other Officers of the Court were all aware that the State[']s Chief Witness and/or the alleged victim had major felonies pending before the same Sumner County Court and failed to make this Defendant aware of same." The post-conviction court denied this claim because the petitioner offered no affidavit or corroboration of the evidence that he claims was withheld, and "[m]atters involving newly discovered evidence relate only to matters which were litigated at trial." This denial is the

basis for the petitioner's claim that the post-conviction court erred in dismissing the petition without appointing counsel and affording a hearing on the petition.

There are several problems with the petitioner's attempting to fit his claim into the narrow slots afforded by coram nobis and habeas corpus relief that the sentencing court and the State withheld from him the fact that "the alleged victim had major felonies pending." Although the petitioner argues in his appeal that this evidence likely would have changed the outcome of the proceedings, he does not advance a theory whereby pending criminal charges against the victim would have been admissible if he had gone to trial. The general rule is that the subsequent discovery of impeachment evidence, as this would have been at best, will not entitle a petitioner to coram nobis relief: "When it appears that the newly discovered evidence can have no other effect than to 'discredit the testimony of a witness at the original trial, contradict a witness' statements or impeach a witness,' the trial court should not order a new trial 'unless the testimony of the witness who is sought to be impeached was so important to the issue, and the evidence impeaching the witness so strong and convincing that a different result at trial would necessarily follow.'" State v. Caldwell, 977 S.W.2d 110, 117 (Tenn. Crim. App. 1997) (quoting State v. Rogers, 703 S.W.2d 166, 169 (Tenn. Crim. App. 1985)). While the importance of the victim's testimony is obvious, that of unrelated pending felony charges against the victim is not.

Additionally, the petitioner faces the hurdle that he pled guilty to the charges against him, and, "in order for a writ [of error coram nobis] to issue, [he] would have to present newly discovered evidence which would show that his plea was not voluntarily or knowingly entered." Newsome v. State, 995 S.W.2d 129, 134 (Tenn. Crim. App. 1998). The petitioner's claim that his plea of guilty was involuntary is grounded upon the claim that he unknowingly pled guilty to a charge which was not a lesser-included offense of the indicted charge. However, as we have determined, that claim is without merit. Accordingly, we conclude that the newly discovered claims set out in the petition likewise are not a basis for relief. The petitioner also has argued that the post-conviction court should have appointed counsel to represent him. However, appointment of counsel is discretionary in a habeas corpus case. See Tenn. Code Ann. § 40-14-204. Unlike in McLaney v. Bell, 59 S.W.3d 90, 94 (Tenn. 2001), in which our supreme court determined that the post-conviction court erred by not appointing counsel who would have assisted in ascertaining whether certain of a petitioner's offenses were committed while he was on bail, the record in this matter is sufficient to show that the petitioner's claims do not entitle him to relief. Accordingly, the post-conviction court did not abuse its discretion in dismissing the petition. See Tenn. Code Ann. § 40-26-105; State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995).

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the post-conviction court's denial of the petition.

_____
ALAN E. GLENN, JUDGE