IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

| | | |
|---|---|---|
| DENNIS DYKES | ) | FOR PUBLICATION |
| | ) | |
| Appellant | ) | FILED: SEPTEMBER 21, 1998 |
| | ) | |
| | ) | LAKE COUNTY |
| v. | ) | |
| | ) | HON. JOE G. RILEY, JR., |
| | ) | JUDGE |
| BILLY COMPTON, Warden | ) | |
| | ) | NO. 02-S-01-9711-CC-00105 |
| Appellee | ) | |

FILED

September 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

For Appellant:                         For Appellee:

LLOYD R. TATUM
Henderson, Tennessee

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

ELIZABETH T. RYAN
Assistant Attorney General
Nashville, Tennessee

C. PHILLIP BIVENS
District Attorney General
Dyersburg, Tennessee

OPINION

REVERSED IN PART; AFFIRMED IN PART           BIRCH, J.

Convicted in 1989 upon a plea of guilty to aggravated rape and now serving a thirty-five year sentence, the appellant, Dennis Dykes, claims in a petition for writ of *habeas corpus* that the failure of the indictment to allege a culpable mental state renders the indictment invalid and the resulting conviction void. The trial court dismissed the petition, concluding that challenges to an indictment are not subject to *habeas corpus* relief and further that the judgment in question is not void on its face. The Court of Criminal Appeals agreed that *habeas corpus* relief is not available; nevertheless, it considered the appellant's claim and found the indictment valid.

We granted the appellant's application for permission to appeal in order to determine whether a challenge to an indictment may be addressed through a petition for writ of *habeas corpus* and, if so, whether the appellant is entitled to the relief sought. After full and careful consideration, we hold that the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for *habeas corpus* when the indictment is so defective as to deprive the court of jurisdiction. In the present case, however, we conclude that the indictment sufficiently vested the trial court with jurisdiction and the resulting judgment of conviction is valid.

Because this issue is a question of law, our review is *de novo*. State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). First, we must determine whether a defect of this nature may be challenged in a *habeas corpus* proceeding. The right to *habeas corpus* relief is

guaranteed in Article I, § 15 of the Tennessee Constitution.  Such relief, however, is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired."  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)(quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (1868)); see also State ex rel. Underwood v. Brown, 244 S.W.2d 168, 171, 193 Tenn. 113, 122 (Tenn. 1951).  If the face of the record shows that the court did not have jurisdiction, then the judgment is void.

An important distinction must be made between void judgments and voidable judgments.  A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment.  Archer, 851 S.W.2d at 161.  A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness.  In such cases, *habeas corpus* relief is inappropriate.  Id.

In the case under submission, the appellant contends that the indictment is so defective that it failed to clothe the court with jurisdiction to enter a judgment of conviction.  A valid indictment is an essential jurisdictional element, without which there can be no prosecution.  See Hill, 954 S.W.2d at 727; State v. Stokes, 954 S.W.2d 729, 730 (Tenn. 1997).  Because a *habeas corpus*

3

proceeding will allow us to examine the record--including the indictment--it is an appropriate vehicle to determine whether a judgment is void.

Having decided to address the merits of the appellant's appeal, we must now determine whether the appellant is entitled to relief under the circumstances of this case. The defect complained of is the omission from the indictment of any reference to a culpable mental state. Because of this omission, the appellant asserts that the indictment failed to provide sufficient information to enable him to understand the accusation made against him. However, the failure to charge a culpable mental state is not a defect so long as the indictment performs its essential constitutional and statutory purposes. Hill, 954 S.W.2d at 729.

In Hill, an aggravated rape case prosecuted under the Criminal Sentencing Reform Act of 1989, we stated:

> for offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as
>
> (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
>
> (2) the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and
>
> (3) the mental state can be logically inferred from the conduct alleged.

4

Id. at 726-27. The appellant argues that <u>Hill</u> should not apply because this case was prosecuted under the Sexual Offenses Law of 1979, rather than the 1989 Act.

The indictment against the appellant provides:

> [I]n the month of DECEMBER, 1987 in the said county and state one DENNIS DYKES did unlawfully and feloniously sexually penetrate another to-wit: [B.H.][1] while the said [B.H.] was then and there a child less than thirteen (13) years of age in violation of Tennessee Code Annotated Section 39-2-603 and against the peace and dignity of the State of Tennessee.

The aggravated rape statute contained in the 1979 Act neither required nor plainly dispensed with a culpable mental state. Yet, because Tenn. Code Ann. § 39-11-301 had not yet been enacted, the 1979 Act contained no requirement of a specific culpable mental state. Aggravated rape was simply defined as the "unlawful sexual penetration of another" accomplished under certain aggravating circumstances.[2]

---

[1]Due to the age of the victim and the nature of the offense, we identify the victim by initial only.

[2]We do not imply that aggravated rape was a strict liability offense under the 1979 Act. Rather, the offense of aggravated rape was a "general intent" crime, for which a culpable mental state was necessary, but easily inferable from the conduct which comprises the offense. <u>See</u> <u>Morissette v. United States</u>, 342 U.S. 246, 251-52, 72 S. Ct. 240, 244, 96 L. Ed. 288, 294 (1952); <u>Walden v. State</u>, 178 Tenn. 71, 77, 156 S.W.2d 385, 387 (1941) ("In the crime of rape no intent is requisite other than that evidenced by the doing of the acts constituting the offense."); <u>Cherry v. State</u>, 539 S.W.2d 51, 54 (Tenn. Crim. App. 1976).

The <u>Hill</u> analysis is as relevant to crimes committed under the 1979 Act as it is to those committed under the 1989 Act. Applying <u>Hill</u>, we find that the language of the above indictment, as well as the specific reference to the statute allegedly violated, provided the appellant with ample notice of the offense charged. The indictment also provided an adequate basis for entry of judgment and protection from reprosecution for the same offense. Moreover, the indictment is concise, understandable, and in accordance with Tenn. Code Ann. § 40-13-202 (1990).[3] The last requirement set forth in <u>Hill</u> is that the requisite culpable mental state must be logically inferred from the conduct alleged in the indictment. In <u>Hill</u>, we found the mental state easily inferable from the conduct alleged: the unlawful sexual penetration of a child under the age of thirteen. We find the same inference in this case, where the indictment alleges that the appellant "did unlawfully and feloniously sexually penetrate another," who was a child less than thirteen years of age. Therefore, the indictment satisfies the <u>Hill</u> requirements, and the conviction based upon it is valid.

In conclusion, we wish to emphasize once again the fact that the Court has moved away from the strict pleading requirements of common law. As we noted in <u>Hill</u>, "the purpose for the

_____

[3]Tennessee Code Annotated § 40-13-202 (1990) provides that an indictment must:

> state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; . . . .

traditionally strict pleading requirement was the existence of common law offenses whose elements were not easily ascertained by reference to a statute. Such common law offenses no longer exist." Id. at 728. Thus, so long as the constitutional and statutory requirements outlined in Hill are met, the indictment will be sufficient to support a conviction.

Accordingly, we reverse the judgment of the Court of Criminal Appeals to the extent that it holds that challenges to an indictment can never be addressed in a *habeas corpus* proceeding. We affirm the judgment of the Court of Criminal Appeals dismissing the petition.

The costs of this appeal are taxed to the appellant, for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE

CONCUR:

Anderson, C.J.
Drowota, Holder, JJ.
Reid, S.J.