# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MAY 1999 SESSION

FILED

July 14, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # 03C01-9802-CR-00059 |
| Appellee, | * | HAMILTON COUNTY |
| VS. | * | Honorable Douglas A. Meyer, Judge |
| **ALFRED TERRY PECK,** | * | (Post-Conviction/Aggravated Rape) |
| Appellant. | * | |

FOR THE APPELLANT:

ARDENA J. GARTH
District Public Defender

DONNA ROBINSON MILLER
Assistant District Public Defender
Suite 300, 701 Cherry Street
Chattanooga, TN 37402

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

MARVIN S. BLAIR, JR.
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

WILLIAM H. COX III
District Attorney General

C. LELAND DAVIS
Assistant District Attorney General
600 Market Street, Suite 310
Chattanooga, TN 37402

OPINION FILED: _____

**AFFIRMED - RULE 20**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The petitioner, Alfred Terry Peck, appeals from the trial court's denying his motion to reopen a petition for post-conviction relief. In 1983, the petitioner was convicted by a Hamilton County jury of aggravated rape. He subsequently filed a petition for post-conviction relief in 1985, which was denied. In his motion, he alleged that the Court of Criminal Appeals holding in State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. filed June 25, 1996, at Nashville), established a constitutional right not recognized at the time of his trial but requiring retrospective application to his case.[1] On January 9, 1996, the trial court dismissed the motion to reopen.

After review of the record, we affirm the judgment of the trial court, pursuant to Tenn. Ct. Crim. App. R. 20.

Initially, we address the appellant's failure to follow the proper procedure for appealing the trial court's order. The controlling statute requires a petitioner to seek permission to appeal from this Court within ten days of the trial court's denial of the motion to reopen. Tenn. Code Ann. § 40-30-217(c). In addition, the petitioner shall file the order denying the motion and all documents filed by the parties in the trial court. Id. The petitioner filed his appeal approximately twenty-eight days after the trial court's dismissal.

We further note the petitioner's reliance on the Hill decision throughout the procedural history of his motion to reopen, up to his appeal to this Court.[2]

---

[1] Although the petition did not explicitly state that Hill established such a right, the pertinent statute provides only three possible bases for reopening a petition for post-conviction relief: the mentioned constitutional right; relevant new scientific existence; and circumstances involving prior convictions enhancing a contested sentence. See Tenn. Code Ann. § 40-30-217(a). By deduction, only the first basis is arguably relevant.

[2] The trial court convicted the petitioner in 1983, and the Hill decision addressed an aggravated rape conviction for a post-1989 offense. In Dykes v. Compton, 978 S.W.2d 528 (Tenn. 1998), the Tennessee Supreme Court held that their Hill analysis extended to convictions under the 1979 statutes.

The Tennessee Supreme Court overruled this Court's <u>Hill</u> decision in <u>State v. Hill</u>, 954 S.W.2d 725 (Tenn. 1997). However, on appeal the petitioner nevertheless asserts that the indictment lacked proper notice of the offense alleged.

The petitioner's reliance on <u>Hill</u> was inappropriate, because that decision did not establish a new constitutional right. The defendant had the asserted right to notice at his trial. <u>See</u> <u>Hill</u>, 954 S.W.2d at 727 (citations to the pertinent federal and state constitutional sections and to case law noting pre-1983 constitutional right to notice). Therefore, the petitioner did not qualify the basis for his appeal under a recognized statutory ground.

However, the dispositive issue is the petitioner's omission of the pertinent indictment in the record submitted to this Court. The Supreme Court's <u>Hill</u> holding does not validate all aggravated rape indictments lacking mens rea allegations but rather states the standard for determining the validity of those indictments.[3] Even if <u>Hill</u> established the requisite new constitutional right, this Court can not review an indictment omitted from the record. The petitioner waived his sole articulated ground for appeal by omitting the essential document. <u>See</u> Tenn. R. App. P. 24; <u>State v. Banes</u>, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993).

Accordingly, the trial court's denying the motion to reopen the petition for post-conviction relief is affirmed, pursuant to Tenn. Ct. Crim. App. R. 20.

_____

_____

[3] An indictment must provide sufficient information to place the accused on notice of the charged offense, must provide the trial court with adequate basis for entry of a judgment, and must protect the accused from double jeopardy. <u>Hill</u>, 954 S.W.2d at 727-28.

                                        JOHN EVERETT WILLIAMS, Judge

CONCUR:

                                                                -4-

_____
JAMES CURWOOD WITT, JR., Judge




_____
ALAN E. GLENN, Judge