IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MARCH 1999 SESSION

FILED

August 16, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| JESSE L. DABBS, | * | C.C.A. # 03C01-9806-CR-00199 |
| Appellant, | * | MORGAN COUNTY |
| VS. | * | Hon. E. Eugene Eblen, Judge |
| STATE OF TENNESSEE, | * | (Habeas Corpus) |
| Appellee. | * | |

For Appellant:

Jesse L. Dabbs, pro se
BMCX, Box 2000
Wartburg, TN  37887

For Appellee:

John Knox Walkup
Attorney General and Reporter

Ellen H. Pollack
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243

Frank A. Harvey
Assistant District Attorney General
P.O. Box 703
Kingston, TN  37763

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

<u>OPINION</u>

The petitioner, Jesse L. Dabbs, appeals the trial court's dismissal of his petition for writ of habeas corpus. In this appeal of right, the single issue presented for review is whether the petition was properly dismissed without the appointment of counsel and without an evidentiary hearing. We affirm the judgment of the trial court.

On June 8, 1990, the petitioner was indicted on six counts of aggravated rape, two counts of aggravated kidnapping, and one count of attempted aggravated kidnapping. On June 6, 1991, the petitioner entered best interest guilty pleas to five counts of aggravated rape and one count of attempted kidnapping. The trial court imposed Range I sentences as follows:

| Offense | Term |
| --- | --- |
| Aggravated rape | 20 years |
| Aggravated rape | 20 years |
| Aggravated rape | 20 years |
| Attempt to commit aggravated kidnapping | 5 years |
| Aggravated rape | 22-1/2 years |
| Aggravated rape | 22-1/2 years |

The two twenty-two and one-half year sentences were ordered to be served concurrently with each other but consecutively with the remaining sentences. The aggregate term of the Range I sentence is 87-1/2 years. Other counts of the indictments were dismissed as a result of the plea agreement. The petitioner appealed the sentence imposed by the trial court. On September 15, 1994, this court affirmed the sentence. <u>State v. Jesse L. Dabbs</u>, No. 01C01-9308-CR-00253 (Tenn. Crim. App., at Nashville, Sept. 15, 1994). Application for permission to appeal to the supreme court was denied January 30, 1995.

The petitioner filed this petition for writ of habeas corpus on April 2,

2

1997.  He alleged that he was illegally imprisoned and warranted relief due to fatally deficient indictments for aggravated rape and attempted aggravated kidnapping. Two aggravated rape indictments brought pursuant to the 1989 Act allege, in pertinent part, as follows:

> that JESSE L. DABBS ... did engage in unlawful sexual penetration of [the victim] ... and force or coercion was used ... and Jesse L. Dabbs was armed with a weapon ... in violation of [Tenn. Code Ann.] § 39-13-502 ....

The remaining three aggravated rape indictments for offenses occurring before the 1989 Act allege, in pertinent part, as follows:

> that JESSE L. DABBS ... with force and arms, ... unlawfully, and feloniously committed the crime of aggravated rape by subjecting [the victim] to unlawful sexual penetration by force or coercion while ... armed with a deadly weapon ... in violation of [Tenn. Code Ann.] § 39-2-603 ....

The sixth challenged indictment for attempted aggravated kidnapping is not included in the record and any issue regarding the sufficiency of that indictment is waived. Tenn. R. App. P. 36(a).

The petitioner contended that the indictments failed to state the required mens rea pursuant to Tenn. Code Ann. § 39-11-301 and, therefore, the trial court lacked jurisdiction to adjudicate guilt.  The petitioner based his claim upon an opinion by this court in State v. Roger Dale Hill, Sr., No. 01C01-9508-CC-00267 (Tenn. Crim. App., at Nashville, June 20, 1996).  When the supreme court reversed that decision, the trial court dismissed the petitioner's complaint.  See State v. Hill, 954 S.W.2d 725 (Tenn. 1997).

In Hill, our supreme court ruled that "an indictment which fails to allege [a] mental state will be sufficient to support ... [a conviction] so long as, [among other things], the mental state can be logically inferred from the conduct alleged."

3

Id., at 726-27. The indictment in <u>Hill</u> charged that "[the defendant] did unlawfully sexually penetrate [the victim] a person less than thirteen (13) years of age, in violation of <u>Tennessee Code Annotated</u> 39-13-502. ..." <u>Id.</u>, slip op. at 5 (alteration in original). In <u>Ruff v. State</u>, 978 S.W.2d 95, 96-97 (Tenn. 1998), our supreme court applied the <u>Hill</u> analysis to determine whether a post-1989 Act indictment for aggravated sexual battery was sufficient. Our high court held that "the intentional nature of aggravated sexual battery may be inferred from the conduct alleged in the indictment--<u>unlawful</u> sexual contact." <u>Id.</u> at 97 (emphasis in original). Our supreme court has held that the <u>Hill</u> analysis is applicable to pre-1989 Act indictments, as well. <u>Dykes v. Compton</u>, 978 S.W.2d 528, 530 (Tenn. 1998).

The language of the indictments challenged here is substantially the same as that in <u>Hill</u> and <u>Ruff</u>. In our view, the culpable mental state for aggravated rape can be logically inferred from the conduct alleged. Moreover, our supreme court recently ruled that an indictment which makes reference to the statute allegedly violated will serve as satisfactory notice. <u>State v. Carter</u>, 988 S.W.2d 145 (Tenn. 1999). Here, there was a statutory reference in each indictment. In our view, these holdings control the disposition of the case. The indictments satisfy the standards established by our supreme court.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
Norma McGee Ogle, Judge


_____
Cornelia A. Clark, Special Judge