# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

DAVID DEWAYNE BROWN, )
)
    Petitioner, )   C. C. A. NO. W1999-01841-CCA-R3-CO
)
vs. )   **LAUDERDALE COUNTY**
)
ALTON HESSON, WARDEN, ET AL., )   No. 5232
)
    Respondents. )

**O R D E R**

**FILED**

**January 12, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

This matter is before the Court upon motion of the state to affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. This case represents an appeal from the trial court's dismissal of the petitioner's petition for a writ of habeas corpus. In 1986, the petitioner pled guilty to five counts of third degree burglary. He previously filed for post-conviction relief challenging the voluntariness of his guilty pleas. This Court found that his pleas were constitutionally entered. Payne v. State, et al., Nos. 71, 84, Shelby County (Tenn. Crim. App., at Jackson, Nov. 28, 1990), perm. app. denied, (Tenn. July 15, 1991). In his present petition, the petitioner again claims his guilty pleas were involuntarily entered. The trial court dismissed the petition, finding that this is not an appropriate matter for consideration in a habeas corpus proceeding. The trial court also noted that petitioner would not be entitled to post-conviction relief in this instance because the petition was filed in the wrong county.

On appeal, the petitioner claims 1) the trial court denied him the opportunity to respond to the state's motion to dismiss the petition, and 2) his sentences are void because the record does not contain a valid waiver of a jury trial.

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (emphasis added). The judgment clearly reflects that the convicting court had jurisdiction over this petitioner and that the petitioner's sentence has not expired. Since the petitioner's allegation in this case would necessarily involve investigation beyond the face of the judgment or record, the

trial court properly denied habeas corpus relief. <u>See</u> <u>Dykes v. Compton</u>, 978 S.W.2d 528, 529 (Tenn. 1998). Even if the petitioner's claim has merit, such claim renders the judgment voidable, not void, and it may not be collaterally attacked in a suit for habeas corpus relief. <u>Passarella v. State</u>, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Moreover, when a petition for a writ of habeas corpus fails to state a cognizable claim, the trial court may summarily dismiss the petition. <u>See</u> <u>Id</u>. The trial court also properly ruled it was without jurisdiction to consider post-conviction relief in this instance. <u>See</u> T.C.A. § 40-30-204(a).

Accordingly, for the reasons stated above, it is hereby ORDERED that the state's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Since the record reflects the petitioner is indigent, costs of this proceeding shall be taxed to the state.

_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE

2