IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 23, 2001

## MICHAEL WAYNE DEAN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bledsoe County**
**No. 10881     Buddy D. Perry, Judge**

_____

**No. E2000-01452-CCA-R3-PC**
**March 21, 2001**
_____

The petitioner challenges the trial court's dismissal of his petition for habeas corpus relief. He contends that the trial court lacked jurisdiction to enter a judgment for second degree murder because that offense is not a lesser included offense of felony murder with which he was indicted. We affirm the trial court's dismissal of the habeas corpus petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Michael Wayne Dean, Pikeville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Counsel for the State; and James Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

**ORDER**

The petitioner, Michael Wayne Dean, appeals as of right the Bledsoe County Circuit Court's dismissal of his petition for habeas corpus relief. He is presently serving a fifteen-year sentence as a Violent Offender for his September 10, 1999 conviction pursuant to a guilty plea to second degree murder, a Class A felony. The petitioner contends that the trial court was without jurisdiction or authority to enter this judgment because second degree murder is not a lesser included offense of his indicted offense of felony murder. The state contends that the trial court properly dismissed the petition because the judgment is not void on its face. It notes that the judgment reflects that the petitioner agreed to the amended charge of second degree murder. We affirm the trial court's dismissal of the petition pursuant to Rule 20, Tenn. Ct. Crim. App. R.

A petition for the writ of habeas corpus may be brought if the judgment is void or the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). However, if the claimed illegality renders the judgment or sentence voidable, rather than void, no relief can be granted. Id.

at 161. "If the face of the record shows that the court did not have jurisdiction, then the judgment is void." <u>Dykes v. Compton</u>, 978 S.W.2d 528, 529 (Tenn. 1998). Thus, we examine the judgment on its face to determine whether it is void. Here, the judgment of conviction states that the petitioner pled guilty to the amended charge of second degree murder. A defendant may agree to the amendment of the indictment. Tenn. R. Crim. P. 7(b). Such an agreement remedies any potential defect in the conviction for second degree murder. <u>See</u> <u>Charles K. Hunter v. Ricky Bell, Warden</u>, No. 01C01-9807-CR-00316, Davidson County, slip op. at 3 (Tenn. Crim. App. July 9, 1999) (holding that a judgment reflecting an agreed amendment of attempted first degree murder to aggravated assault forecloses any argument that aggravated assault is not a lesser included offense of attempted first degree murder). The judgment is valid upon its face.

After a full consideration of the record, the briefs, and the law governing the issues presented, we are of the opinion that the evidence justifies the trial court's dismissal of the habeas corpus petition and that no error of law exists that would require a reversal. Therefore, we order that the judgment of the trial court should be affirmed pursuant to Rule 20, Tenn. Ct. Crim. App. R., and that the case be remanded to the Circuit Court of Bledsoe County for the execution of judgment and the collection of costs accrued below. It appearing that the petitioner is indigent, the costs of the appeal are taxed to the State of Tennessee.

_____
JOSEPH M. TIPTON, JUDGE

_____
GARY R. WADE, PRESIDING JUDGE

_____
JAMES CURWOOD WITT, JR., JUDGE

-2-