# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 19, 2003

## KENNETH ROBERT DANIELS v. HOWARD CARLTON, WARDEN

### Appeal from the Circuit Court for Johnson County
### No. 4133     Lynn Brown, Judge

### No. E2003-01063-CCA-R3-PC
### December 19, 2003

The petitioner, Kenneth Robert Daniels, appeals as of right the Johnson County Circuit Court's dismissal of his petition for habeas corpus relief. In this pro se appeal, the petitioner contends that he should be granted habeas corpus relief because his judgment of conviction for especially aggravated robbery is void. The state contends that the trial court properly dismissed the petition for failure to state a claim. We affirm the trial court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Kenneth Robert Daniels, Nashville, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

On January 15, 1993, the petitioner pled guilty to second degree murder and especially aggravated robbery, both Class A felonies. The Knox County Criminal Court sentenced the petitioner to twenty-five years for second degree murder and fifteen years for especially aggravated robbery to be served consecutively in the Department of Correction. This court affirmed the denial of the petitioner's first petition for habeas corpus relief in March 1996 when the petitioner challenged his conviction for both second degree murder and especially aggravated robbery, contending that he did not fully understand the agreement when he pled guilty and that his due process rights were violated. Kenneth Robert Daniels v. State, No. 03C01-9606-CC-00244, Johnson County (Tenn. Crim. App. Feb. 27, 1997). In January 2003, the petitioner filed a second petition for habeas corpus relief. The gist of the petitioner's claim is that his sentence for especially aggravated robbery is void because the charge of especially aggravated robbery was never presented to the grand

jury and he never consented to the state's amendment of the indictment to include this charge. The trial court summarily dismissed the petition.

The trial court may summarily dismiss a petition for writ of habeas corpus relief when the petitioner does not state a cognizable claim. <u>Passarella v. State</u>, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A petition for the writ of habeas corpus may only be brought if the judgment is void or the sentence has expired. <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993). However, if the claimed illegality renders the judgment or sentence voidable, rather than void, no relief can be granted. <u>Id.</u> at 161. "If the face of the record shows that the court did not have jurisdiction, then the judgment is void." <u>Dykes v. Compton</u>, 978 S.W.2d 528, 529 (Tenn. 1998). Thus, we examine the record on its face to determine whether it is void. Here, the petitioner pled guilty to the charges of felony murder and especially aggravated robbery. The petitioner asserts that he had no knowledge of the added count of especially aggravated robbery when he pled guilty in 1993 and that he never consented to an amendment of the indictment. However, the petitioner acknowledges that the indictment was, in fact, amended. In this respect, the record before us does not reflect that the judgment, on its face, is void. As the state asserts, taking the petitioner's allegations as true, the judgment of conviction at issue would be considered voidable, not void as required for habeas corpus relief. Therefore, the trial court correctly concluded that the petitioner's allegations failed to state a claim for relief.

Based on the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, JUDGE