IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2004

## JAMES D. L. PERRY v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 4345     Lynn W. Brown, Judge**

_____

**No. E2004-01000-CCA-R3-HC - Filed November 22, 2004**

_____

The petitioner, James D. L. Perry, appeals pro se from the Johnson County Criminal Court's dismissal of his petition for habeas corpus relief. The petitioner attacks his two convictions for possession with intent to sell one-half or more grams of cocaine within one thousand feet of a school for which he received concurrent twenty-year terms.  He contends that the first cocaine conviction is void because he was entrapped, that the second cocaine conviction is void because he was convicted of a crime for which he was not indicted, and that both convictions are void because he was convicted under a statute which he claims was inapplicable.  We affirm the trial court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

James D. L. Perry, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Kathy D. Aslinger, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Johnson County jury convicted the petitioner of two counts of possession with intent to sell one-half or more grams of cocaine within one thousand feet of a school, a Class A felony, and one count of possession of marijuana, a Class A misdemeanor.  The convictions were affirmed on appeal.  See State v. James David Lamor Perry, No. E1999-00271-CCA-R3-CD, Sullivan County (Tenn. Crim. App. Sept. 5, 2000).  The petitioner filed a habeas corpus petition alleging that his cocaine related convictions and resulting sentences were void, and the trial court summarily dismissed the petition.  On appeal, the petitioner contends that the trial court erred in dismissing his petition.  The state contends that the trial court's dismissal was proper because the petitioner was

properly indicted, that entrapment would only render the petitioner's conviction voidable, and that the petitioner already litigated the statutory issue on direct appeal. We agree with the state.

The trial court may summarily dismiss a petition for writ of habeas corpus relief when the petitioner does not state a cognizable claim. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A petition for the writ of habeas corpus may only be brought if the judgment is void or the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). However, if the claimed illegality renders the judgment or sentence voidable, rather than void, no relief can be granted. Id. at 161. "If the face of the record shows that the court did not have jurisdiction, then the judgment is void." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). Thus, we examine the record to determine whether the judgments are void.

The petitioner contends that his first cocaine conviction is void because of entrapment. Entrapment, however, would only render the defendant's convictions voidable, rather than void. Archer, 851 S.W.2d at 161. Because the trial court had jurisdiction to sentence the defendant after the jury found him guilty, his sentence is not void. See Dykes, 978 S.W.2d at 529.

The petitioner next contends that his second cocaine conviction is void because he was not properly indicted. The petitioner relies on the original presentment dated November 19, 1997, in which the petitioner was indicted for one count of possession with intent to sell one-half or more grams of cocaine within one thousand feet of a school, a Class A felony, and one count of possession with intent to sell one-half or more grams of cocaine, a Class B felony. While the petitioner is correct that the original presentment does not support his second Class A felony conviction, he failed to disclose that the original presentment was amended.

We may take judicial notice of the petitioner's direct appeal record in this case. See State ex rel. Wilkerson v. Bomar, 376 S.W.2d 451, 453 (Tenn. 1964). We note that the direct appeal record contains an amended presentment dated January 20, 1999, which changed "Count Three" of the original presentment from possession with intent to sell one-half or more grams of cocaine to possession with intent to sell one-half or more grams of cocaine within one thousand feet of a school. This issue is without merit.

Finally, the petitioner contends that his convictions are void, arguing that the Drug-Free School Zone Act only applies during normal school hours. He asserts that his violation occurred after normal school hours. We note that the petitioner fully addressed this issue on direct appeal. See Perry, slip op. at 9 ("This court has rejected this argument before, and we reject it here as well. There is nothing in the language of the statute that indicates that the Legislature intended § 39-17-432 to have the limited application that Defendant suggests."). Because this court has previously determined this issue, it is without merit. Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE