# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### June 2000 Session

## STATE OF TENNESSEE v. GREGORY A. HEDGES

**Direct Appeal from the Criminal Court for Bledsoe County**
**No. 10865     J. Curtis Smith, Judge**

---

**No. E1999-01350-CCA-R3-CD**
**October 6, 2000**

---

AND

## STATE OF TENNESSEE v. THOMAS D. CARTER

**Direct Appeal from the Criminal Court for Bledsoe County**
**No. 10864     J. Curtis Smith. Judge**

---

**No. E1999-01323-CCA-R3-CD**

---

In a consolidated appeal, the petitioners challenge the Bledsoe County Criminal Court's dismissal of their petitions for *habeas corpus* relief. In the petitions, the petitioners, who were codefendants in the conviction court, claim that the Tennessee Department of Correction has no authority to incarcerate either of them on two of their seven convictions because the two challenged convictions were not set forth in separate, individual judgment forms. Finding no defect in the conviction court's proceedings which merits *habeas corpus* relief, we affirm the lower court's summary dismissal of the petitions.

**Tenn. R. App. P. 3; Judgment of the Trial Court AFFIRMED.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Gregory A. Hedges and Thomas D. Carter, Pikeville, Tennessee, appellants, *pro se.*

Paul G. Summers, Attorney General & Reporter, R. Stephen Jobe, Assistant Attorney General, Michael E. Moore, Solicitor General, James Michael Taylor, District Attorney General, James W. Pope, III, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioners, Gregory A. Hedges and Thomas D. Carter, have appealed the Bledsoe County Criminal Court's summary dismissal of their petitions for *habeas corpus* relief. The petitioners were codefendants in Greene County cases which resulted in both petitioners receiving the same seven convictions. The Greene County court imposed effective sentences of 96 years as to Petitioner Hedges and 80 years as to Petitioner Carter. This court affirmed the petitioners' convictions and sentences. See State v. Gregory A. Hedges, No. 252 (Tenn. Crim. App., Knoxville, Apr. 15, 1987), perm. app. denied (Tenn. 1988). In the present petitions for *habeas corpus* relief, the petitioners attack two of the seven convictions and complain that these two convictions were declared in judgments which improperly declared multiple convictions. In response to the state's motion to dismiss the petitions, the lower court found the claims to be unsuitable for *habeas corpus* relief and dismissed the petitions. Both petitioners appealed, and the appeals were consolidated in this court. After review, we affirm the judgments of the court below.

In 1985, the Greene County trial court entered the following judgments against the petitioners:

|  | Hedges' sentence | Carter's sentence |
|---|---|---|
| (1) Count 1--first degree burglary | 10 years | 10 years |
| (2) Count 2–aggravated assault | 6 | 6 |
| (3) Counts 3 and 4–aggravated kidnapping | 40 (each count) | 40 (each count) |
| (4) Counts 5 and 6–armed robbery | 35 (each count) | 35 (each count) |
| (5) Count 7–grand larceny | 6 | 6. |

In Hedges' case, the conviction court imposed the sentences on counts one, two, three, and four to run consecutively to each other and concurrently with counts five, six and seven for an effective sentence of 96 years. In Carter's case, it imposed the sentences on counts three and four to run consecutively to each other and concurrently with the remaining counts, for an effective sentence of 80 years.

The petitioners assert that the inclusion of the convictions on counts four and six within the judgments setting forth the convictions on counts three and five, respectively, violates the requirements of our criminal code and the rules of our supreme court and result in an absence of duly entered judgments on counts four and six and a consequent lack of authority for the Department of

Correction to incarcerate the petitioners for the convictions upon counts four and six. See Tenn. Code Ann. § 40-20-111(a) (1997) ("judgment shall be rendered [in the case of multiple convictions] on each conviction after the first"); Tenn. R. Sup. Ct. 17 ("The judgment [document] should be prepared for each conviction; if there are multiple convictions in the same indictment, separate judgments should be filled out with appropriate notations stating whether the sentences will run consecutively or concurrently.").

In Tennessee, *habeas corpus* relief is only available when a petitioner's conviction underlying the sentence is void or the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998).

A *habeas corpus* court's factual findings are entitled on appeal to a presumption of correctness, Harries v. State, 958 S.W.2d 799, 803 (Tenn. 1997), but the summary dismissal of a *habeas corpus* petition is a determination of a question of law which is reviewed on appeal *de novo*. See Dykes, 978 S.W.2d at 529.

Upon our *de novo* review, we conclude that the court below properly dismissed the petitions for *habeas corpus* relief. Even though the conviction court failed to comply with Supreme Court Rule 17 when it declared its judgments on counts three and four in a single judgment form and counts five and six in a single form, we discern no defect in the conviction court's proceedings which renders the petitioners' convictions – and hence their sentences – void. The petitioners make no claim that the conviction court was without jurisdiction to enter valid convictions, and although two of the judgment forms do contravene Rule 17 by referring to multiple convictions, the forms clearly refer to specific counts of the indictment, and the issue of consecutive versus concurrent service of the sentences is explained. "Technical violations related to the judgment forms and committal documents . . . would not render the [*habeas corpus*] petitioner's confinement illegal as long as a valid conviction and resultant legal sentence were imposed." Marvin Anthony Matthews v. Charles C. Noles, No. 02C01-9206-CC-00140, slip op. at 4 (Tenn. Crim. App., Jackson, Feb. 24, 1993).

The petitioners assert that the judgments as to counts four and six do not appear in the conviction court's minutes; however, it appears that the basis for this assertion is merely that the convictions on these counts were included in the judgment forms for counts three and five, not that the minutes omit the judgments altogether. As such, we see no flaw in the conviction court proceedings which would serve as the basis for *habeas corpus* relief.

Accordingly, the lower court's judgments are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE