IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1999 SESSION

FILED

July 9, 1999

Cecil W. Crowson
Appellate Court Clerk

CHARLES K. HUNTER,      )
      )   NO. 01C01-9807-CR-00316
   Appellant,      )
      )   DAVIDSON COUNTY
VS.      )
      )   HON. J. RANDALL WYATT, JR.,
RICKY BELL, WARDEN,      )   JUDGE
      )
   Appellee.      )   (Habeas Corpus)

FOR THE APPELLANT:

CHARLES K. HUNTER, *Pro Se*
T.D.O.C. No. 163309
Riverbend Maximum Security Institute
Unit 6-A-210
7475 Cockrill Bend Road
Nashville, TN 37209-1010

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

MARVIN E. CLEMENTS, JR.
KAREN M. YACUZZO
Assistant Attorneys General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

VICTOR S. JOHNSON III
District Attorney General
Washington Square
222 Second Avenue N, Ste. 500
Nashville, TN 37201-1649

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

## O P I N I O N

Petitioner, Charles K. Hunter, appeals as of right the summary dismissal of his petition for writ of *habeas corpus*. He was indicted for attempted first degree murder and pled guilty to the amended charge of aggravated assault. The sole issue is whether his conviction is void since aggravated assault is not a lesser offense of attempted first degree murder. Since the indictment was amended by consent to include aggravated assault, we **AFFIRM** the trial court's summary dismissal of the petition.

## I

Petitioner was indicted for the offense of attempted first degree murder. On May 2, 1996, he entered into a plea agreement with the state. The judgment of conviction reflects the defendant pled guilty to the "amended charge" of aggravated assault. Petitioner correctly contends that aggravated assault is neither a lesser included nor a lesser grade offense of attempted first degree murder. *See* State v. Trusty, 919 S.W.2d 305, 312 (Tenn. 1996). The state, however, contends the agreed amendment to the indictment to include aggravated assault cures any defect. We agree with the state's position.

## II

The right to *habeas corpus* relief is guaranteed in Article I, § 15 of the Tennessee Constitution. This extraordinary relief, however, is available only when it appears upon the face of the judgment, or the record upon which the judgment is rendered, that the court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). If the face of the record shows that the court did not have jurisdiction, then the judgment is void. Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998).

2

We must recognize the distinction between void judgments and voidable judgments. *Id.* A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment. Archer, 851 S.W.2d at 161. A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate that it is void. In the latter case, *habeas corpus* relief is inappropriate. Dykes, 978 S.W.2d at 529.

Petitioner contends the trial court was without jurisdiction to enter a judgment of conviction for the offense of aggravated assault. *Habeas corpus* is an appropriate vehicle to determine whether the judgment is void for lack of jurisdiction. *Id.*

**III**

The judgment of conviction reflects that petitioner entered a plea of guilty to aggravated assault based upon an agreed amendment to the indictment. An indictment "may be amended in all cases with the consent of the defendant." Tenn R. Crim. P. 7(b). The judgment is facially valid and is, therefore, not void. Dykes, 978 S.W.2d at 529. The trial court had authority to render the judgment, and *habeas corpus* relief is inappropriate. Archer, 851 S.W.2d at 164.

For these reasons the judgment of the trial court is **AFFIRMED**.

3

_____

**JOE G. RILEY, JUDGE**


**CONCUR:**


_____

**JOSEPH M. TIPTON, JUDGE**


_____

**ALAN E. GLENN, JUDGE**