IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 10, 2011

## MILBURN L. EDWARDS v. CHERRY LINDAMOOD, WARDEN

**Direct Appeal from the Circuit Court for Wayne County**
**No. 14930     Stella Hargrove, Judge**

_____

**No. M2010-02352-CCA-R3-HC** - Filed July 3, 2012

_____

Petitioner, Milburn L. Edwards, appeals from the trial court's summary dismissal of Petitioner's fifth petition for habeas corpus relief. After a thorough review of the briefs and the appellate record, we affirm the judgment of the habeas corpus trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Wayne County Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Milburn L. Edwards, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; and T. Michel Bottoms, District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

Petitioner was convicted in the Davidson County Criminal Court in 1991 for multiple counts: rape, aggravated burglary, first and second degree burglary, aggravated rape, robbery, and assault with intent to commit rape. Petitioner attached copies of twenty indictments charging him with two counts of aggravated burglary, seventeen counts of rape, and one count of robbery.

We quote from Petitioner's reply brief as to what he asserted was his theory of relief in the habeas corpus petition:

The Petitioner aver[s] that his convictions are void because the [trial] court lacked subject[ ] matter jurisdiction to enter judgments of convictions in these cases because the indictments failed to charge an offense and thus they failed to confer upon the trial court jurisdiction to enter judgments.

Petitioner asserts on appeal that the judgments based upon the flawed indictments are void and that his constitutional rights to due process were violated when he was tried and convicted based upon indictments which did not inform him of the criminal charges he faced.

Petitioner's complaint is primarily based upon the fact that in the wording of each indictment, the words "rape," "aggravated burglary," and "robbery," as the case may be, do not appear. We have reviewed each count of the indictment. Each one accurately and completely alleges commission of the charged offense by tracking the language of the elements of the pertinent offense and by stating the specific code section violated.

It is clear the indictments are not void. All of the offenses are alleged to have occurred in April, 1990. Our supreme court has held that "the validity of an indictment . . . may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). For offenses which occurred after November 1, 1989, an indictment is valid if it contains sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). The counts of the indictment attacked by Petitioner all meet the test of *Hill*. Petitioner is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the trial court was in a proceeding without a jury, it was not a determination of guilt, the evidence does not preponderate against the finding of the trial court, and no error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment of the trial court is affirmed by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

_____
THOMAS T. WOODALL, JUDGE