IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## MICHELLE SHOEMAKER v. STANLEY DICKERSON, Warden

**Appeal from the Circuit Court for Lauderdale County**
**No. 7233        Blake Neill, Judge**

_____

**No. W2022-00620-CCA-R3-HC**
_____

The Petitioner, Michelle Shoemaker, is appealing the trial court's summary dismissal of her *habeas corpus* petition. After reviewing the parties' briefs and the record on appeal, the court finds that this is an appropriate matter for affirmance under Court of Criminal Appeals Rule 20.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOHN W. CAMPBELL, SR., and KYLE A. HIXSON, JJ. joined.

Michelle Shoemaker, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Senior Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner is currently serving a life sentence for the first-degree murder of her stepfather. *State v. Michelle Shoemaker*, No. M2005-02652-CCA-R3-CD, 2006 WL 3095446, at *1 (Tenn. Crim. App., at Nashville, Nov. 2, 2006), *perm. app. denied* (March 12, 2007). This court affirmed the judgments on appeal. *Id.* The Petitioner filed unsuccessful petitions for post-conviction relief, *Michelle Shoemaker v. State,* No. M2009-00472-CCA-R3-CD, 2010 WL 1462527, at *1 (Tenn. Crim. App., at Nashville, April 13, 2010), *perm. app. denied* (Tenn. Aug. 25, 2010), and for writ of error coram nobis. *Michelle Shoemaker v. State*, No. M2016-001146-CCA-R3-ECN, 2017 WL 2570821, at *1 (Tenn. Crim. App., at Nashville, June 14, 2017), *perm. app. denied* (Tenn. Sept. 21, 2017).

On April 12, 2022, the Petitioner filed, *pro se*, a petition for writ of *habeas corpus*, arguing that her judgment is void because the conviction is for a non-existent offense. The Petitioner's indictment and criminal judgment form indicate that the offense for which the Petitioner was charged and convicted is criminal responsibility for first-degree murder. On April 22, 2022, the *habeas corpus* court dismissed the petition, finding that the judgment was not void because it included the State's theory of liability – criminal responsibility.

While *habeas corpus* is a proper vehicle for seeking review of whether an indictment is fatally defective, thus depriving the trial court of jurisdiction, *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998), so long as the indictment performs its essential constitutional and statutory purposes, *habeas corpus* relief is not warranted. *Id*. An indictment passes constitutional muster if it provides: (1) notice of the charge against which the accused must defend himself; (2) an adequate basis for the entry of a proper judgment; and (3) protection of the accused from double jeopardy. *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). In addition, an indictment must "state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the judgment." Tenn. Code Ann. § 40-13-202. Upon reviewing the record and the pleadings in this case, we conclude that more information (i.e., the theory under which the State will proceed at trial) than that which is required does not cause an indictment to be "fatally defective. Therefore, we find that it is an appropriate matter for affirmance under Rule 20.

The Tennessee Rules of Criminal Procedure provide this Court to issue a memorandum opinion, with no precedential value, affirming the trial court in cases where:

(1)(a) The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge, . . . and

(2) No error of law requiring a reversal of the judgment or action is apparent on the record.

As is the case herein, the order of the trial court dismissing the Petitioner's *habeas corpus* petition is affirmed pursuant to Rule 20.

_____
JUDGE ROBERT W. WEDEMEYER

2