IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 8, 2005

## EDWIN MATTHEW BRYANT v. FLORA J. HOLLAND, WARDEN

**Appeal from the Criminal Court for Davidson County**
**No. 3438     Steve Dozier, Judge**

_____

### No. M2003-02838-CCA-R3-HC - Filed April 7, 2005

_____

The petitioner, Edwin Matthew Bryant, appeals <u>pro se</u> from the Davidson County Criminal Court's dismissal of his petition for habeas corpus relief from his convictions for two counts of vehicular assault, a Class D felony, and resulting sentences of four years each to be served concurrently in the Department of Correction. He contends that the trial court erred in dismissing his writ of habeas corpus without appointing counsel and that his sentences are illegal because the trial court sentenced him to incarceration and imposed restitution and because the trial court enhanced each of his sentences from two years to four years without finding any applicable enhancement factors. We affirm the trial court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Edwin Matthew Bryant, <u>Pro Se</u>, Nashville, Tennessee.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; Pamela Sue Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record reflects that on October 3, 2001, the petitioner, pursuant to a plea agreement, pled guilty to two counts of vehicular assault. <u>See</u> T.C.A. § 39-13-106. The agreement provided that the petitioner would receive two four-year sentences to be served concurrently and that the question of manner of service would be left for determination by the trial court. At the sentencing hearing, the court ordered the sentences to be served in confinement and ordered the petitioner to pay restitution in the amount of $5,195.95. The petitioner subsequently filed a petition for the writ of habeas corpus alleging that he was illegally constrained of his freedom, and the trial court summarily dismissed it. On appeal, the petitioner contends that the trial court erred by summarily dismissing his petition

without appointing him counsel and that his sentences are illegal. He cites State v. Davis, 940 S.W.2d 558 (Tenn. 1997), for the proposition that a sentence involving both incarceration and restitution is illegal. He also contends that his sentence is illegal because the trial court enhanced his sentence without first finding applicable enhancement factors. The state contends that the trial court properly dismissed the petition and that Davis is distinguishable from the instant case based upon a change in law. The state, however, does not address the petitioner's contention that his sentence is illegal because of improper enhancement. We hold that the trial court's summary dismissal of the petition for writ of habeas corpus was proper because the petitioner has failed to state a claim.

The trial court may summarily dismiss a petition for writ of habeas corpus relief when the petitioner does not state a cognizable claim. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A petition for the writ of habeas corpus may only be brought if the judgment is void or the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). However, if the claimed illegality renders the judgment or sentence voidable, rather than void, no relief can be granted. Id. at 161. "If the face of the record shows that the court did not have jurisdiction, then the judgment is void." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). The determination of whether relief should be granted is a question of law which this court reviews de novo. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

The petitioner argues that Davis requires granting his petition for habeas corpus relief. In Davis, our supreme court held that under the Sentencing Act of 1989, "there is no authority under which courts may impose restitution as a part of a sentence of incarceration." Davis, 940 S.W.2d at 962. However, the court also recognized

> that, effective July 1, 1996, Tenn. Code. Ann. § 40-35-104(c)(2) was amended to include the following sentencing alternative: "Payment of restitution to the victim or victims either alone or in addition to any other sentence authorized by this subsection." This statutory authorization for restitution as a sentencing alternative was not available at the time of the appellant's sentencing, and it does not, therefore, affect our holding in this opinion.

Id. n.6.

The legislature's change to the Sentencing Act allowing for incarceration and restitution occurred in 1996. Although the record before us does not reflect the date when the offenses occurred, only that he was convicted in October 2001, the petitioner has failed to allege why the 1996 law does not apply to his sentence. He is not entitled to relief on this issue.

Regarding the enhancement of the petitioner's sentences from two years to four years, the record reflects that the petitioner agreed to the four-year terms in his plea agreement. A sentence of four years is within the range authorized by statute for a Range I, standard offender. See T.C.A. §

40-35-111, -112. This issue is without merit. Because the petitioner's petition for habeas corpus relief fails to state a claim, we hold the trial court did not err in summarily dismissing it.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE