# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## BRANDON BIGGERSTAFF v. STEPHEN DOTSON, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 08-02-0313     Joe H. Walker, III, Judge**

_____

**No. W2008-01026-CCA-R3-HC  -  Filed March 30, 2009**

_____

The petitioner, Brandon Biggerstaff, appeals the Hardeman County Circuit Court's summary dismissal of his petition for writ of habeas corpus. The State has filed a motion requesting that this court affirm the lower court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Because the petitioner has failed to establish that his conviction is void or his sentence illegal, we conclude that the State's motion is well-taken. Accordingly, we affirm the lower court's summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which J.C. McLIN and CAMILLE R. McMULLEN, JJ., joined.

Brandon Biggerstaff, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

According to the petitioner, he pled guilty on February 27, 2004, in the Wilson County Criminal Court to facilitation to commit second degree murder and was sentenced to thirty years as a Range III, persistent offender. On April 11, 2008, he filed a petition for writ of habeas corpus, asserting that the court was "without statutory authority or jurisdiction to render the judgments." His specific complaint is that, in his view, he "was entitled to receive a sentence of 12 years as a Range II Offender, and was entitled to the presumptive sentence of twelve (12) years for facilitation to commit murder 2nd degree, absent application of either mitigating or enhancement factors." As we understand, the petitioner believes that, as a result of the holding in Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856 (2007), "the trial court enhanced [his] sentences absent mitigating or enhancement factors."

On April 18, 2008, the trial court summarily dismissed the petition without a hearing, finding that since it did not include a copy of the judgment pursuant to which the petitioner was restrained, the petition was fatally defective. As we will explain, we agree.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment has been defined by our supreme court as "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); see also Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993). Thus, habeas corpus relief is available only when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." Id. at 164 (citation omitted).

The procedural requirements for habeas corpus relief are mandatory and must be followed. Hickman v. State, 153 S.W.3d 19-20 (Tenn. 2004). A trial court may dismiss a petition for failing to comply with the statutory procedural requirements, as set out in Tennessee Code Annotated section 29-21-107 and Hickman, 153 S.W.3d at 21. In Archer, 851 S.W.2d at 165, our supreme court explained that "[w]ithout question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Likewise, in Summers v. State, 212 S.W.3d 251, 260 (Tenn. 2007), our supreme court stated that "[a] trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements."

As to the present appeal, we conclude that summary dismissal was proper for the petitioner failed to include a copy of the judgment of conviction under which he claims he is illegally detained. See Tenn. Code Ann. § 29-21-107(b)(2). Accordingly, we conclude that the record supports the trial court's summary dismissal of the petition for writ of habeas corpus.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE