IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 03, 2015

**MOUSEN ADEN v. BRENDA JONES, WARDEN**

**Appeal from the Circuit Court for Lauderdale County**
**No. 6770    Joe H. Walker, III, Judge**

_____

**No. W2014-01977-CCA-R3-HC  -  Filed June 24, 2015**

_____

The petitioner, Mousen Aden, appeals the denial of his petition for the writ of habeas corpus. The habeas corpus court dismissed the petition without appointing counsel or holding a hearing after finding that the indictment was valid, the judgment was not facially void, and that the petitioner's sentence had not expired. On appeal, the petitioner contends that his indictment was invalid because it did not vest the trial court with jurisdiction to enter a proper judgment and failed to provide him with adequate protection from double jeopardy. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Mousen Aden, Henning, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

## FACTS AND PROCEDURAL HISTORY

On July 31, 2006, a Davidson County grand jury indicted the petitioner for aggravated robbery. The indictment read that the petitioner:

> on the 19th day of April, 2006, in Davidson County, Tennessee and before the finding of this indictment, [the defendant] intentionally or knowingly did take from the person of [the victim] certain property, to wit: a motor vehicle, a passport and a sum of money of value, by violence or putting [the victim] in fear; the robbery accomplished with a deadly weapon or by the displaying of any article used or fashioned to lead [the victim] to reasonably believe the article to be a deadly weapon in violation of Tennessee Code Annotated §39-13-402, and against the peace and dignity of the State of Tennessee.

After a jury trial, the petitioner was convicted of aggravated robbery. The trial court sentenced him to serve eleven years as a Range I offender. This court affirmed the petitioner's conviction and sentence on direct appeal. *State v. Mousen Yisak Aden*, No. M2011-02463-CCA-R3-CD, 2013 WL 615392, at *1 (Tenn. Crim. App. Feb. 19, 2013). On July 10, 2014, the petitioner filed a petition for writ of habeas corpus. He alleged that his indictment was defective and illegal because it charged him with aggravated robbery but contained the essential elements for the crime of carjacking. The habeas corpus court denied the petition. The court found that "[t]he indictment satisfied the overriding purpose of providing notice to the Petitioner that he was charged with aggravated robbery." The court observed that the indictment defined the crime of aggravated robbery, sufficiently notifying the petitioner of the charged offense. The court found that the court had jurisdiction to sentence the defendant and that his sentence had not expired. The court further noted that it had no jurisdiction to consider the petition if it were treated as one for post-conviction relief.

On July 31, 2014, the petitioner filed a "Motion to Reconsider: Tyrannical Adjudication." The habeas corpus court denied the motion. The petitioner filed a timely notice of appeal, and we proceed to consider his claim.

## ANALYSIS

The petitioner contends that the habeas corpus court erred in dismissing his petition. He argues that the indictment failed to provide the trial court with jurisdiction to enter a judgment and failed to provide him with protection against double jeopardy.

2

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. However, the grounds for the writ are very narrow. *Archer v. State*, 851 S.W.2d 157, 162 (Tenn. 1993). Habeas corpus relief is appropriate "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Id.* at 164 (citation omitted). The writ may be used to correct judgments that are void, rather than merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A judgment is void when it "is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Id.* A voidable judgment "is one which is facially valid and requires the introduction of proof beyond the face of the record or the judgment to establish its invalidity." *Id.* This court reviews the dismissal of a habeas corpus petition de novo with no presumption of correctness given to the conclusions of the habeas corpus court. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007).

The petitioner bears the burden of establishing by a preponderance of the evidence that the challenged judgment is void. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). If the habeas corpus court determines that the petitioner has failed to state a valid claim for relief, it may summarily dismiss the petition without holding a hearing or appointing counsel. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superseded by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. Mar. 11, 1998).

A party must normally raise an objection to a defect in an indictment prior to trial, or the objection is considered waived. Tenn. R. Crim. P. 12(b)(2)(B); (f)(1). However, "[a] valid indictment is an essential jurisdictional element, without which there can be no prosecution." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). Thus, a claim that "an indictment is so defective as to fail to vest jurisdiction in the trial court" may be raised "at any stage of the proceeding, including in a habeas corpus petition." *Wyatt*, 24 S.W.3d at 323. Generally, an indictment is valid if it provides information sufficient to: (1) enable the accused to know the offense charged; (2) to furnish the court adequate basis for the entry of a proper judgment; and (3) to protect the accused from double jeopardy. *Id.* at 324.

The petitioner argues that while he was indicted for aggravated robbery, the proof at trial showed that he committed only the offense of carjacking. As a result, he contends that the trial court did not have jurisdiction to enter a judgment upon his conviction for aggravated robbery and that he is not protected from a subsequent prosecution for carjacking.

3

While the petitioner is correct that carjacking is not a lesser included offense of robbery, we disagree with his claim that the indictment is constitutionally invalid. Although his argument regarding the proof at trial is clothed as a challenge to the trial court's jurisdiction, effectively it is a claim that there was a material variance between the indictment and the proof at trial. This court has held that such claims are not cognizable grounds for habeas corpus relief. *See Sidney Cleve Metcalf v. David Sexton, Warden*, No. E2011-02532-CCA-R3-HC, 2012 WL 3555311, at *5 (Tenn. Crim. App. Aug. 20, 2012) (citations omitted). In any event, the indictment was sufficient to vest the trial court with jurisdiction and to provide the petitioner with double jeopardy protection. The indictment included the name of the victim, the date of the offense, and the items taken from the victim. It referred to the crime as "the robbery," and it cited to Tennessee Code Annotated section 39-13-402, which defines aggravated robbery. Thus, the indictment adequately informed the trial court that a judgment and sentence for aggravated robbery were proper upon a conviction. Finally, the petitioner was adequately protected against double jeopardy. Tennessee Rule of Criminal Procedure 8 requires the mandatory joinder of two or more offenses if they are "based on the same conduct or arise out of the same criminal episode." Tenn. R. Crim. P. 8(a)(1)(A). Any future charge of carjacking would have arisen from the same conduct and criminal episode as the aggravated robbery and would therefore be prohibited by Rule 8.

## CONCLUSION

Based upon the foregoing analysis, we affirm the judgment of the habeas corpus court.


_____

JOHN EVERETT WILLIAMS, JUDGE

4