IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## MONTEZ ADAMS v. CHERRY LINDAMOOD, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 15849     Robert L. Jones, Judge**

_____

**No. M2016-01073-CCA-R3-HC – Filed February 13, 2017**

_____

The Appellant, Montez Adams, appeals the trial court's summary dismissal of his petition seeking habeas corpus relief.  The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20.   Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ. joined.

Andrea D. Sipes, Jackson, Tennessee, for the Appellant, Montez Adams.

Herbert H. Slatery III, Attorney General & Reporter; Brent C. Cherry, Senior Counsel, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The Appellant and several co-defendants were charged in a four-count indictment on September 30, 1996, with first degree murder committed during the perpetration of especially aggravated burglary (felony murder), especially aggravated burglary, conspiracy to commit especially aggravated burglary, and theft of property.  He was convicted on all four counts. *State v. Montez Antuan Adams et al.*, No. 02C01-9709-CC-00352, 1998 WL 556174 (Tenn. Crim. App. Sep. 1, 1998).  This Court affirmed the judgments of conviction, as modified. *Id*. The Appellant was ultimately unsuccessful in his pursuit of post-conviction relief. *Montez Antuan Adams v. State*, No. W2004-01013-CCA-R3-PC, 2005 WL 1105185 (Tenn. Crim. App. May 6, 2005).  The Appellant then pursued the instant habeas corpus action.

At issue in this appeal is whether the trial court properly dismissed his challenge to the sufficiency of the first count of the indictment charging him with felony murder. Count One of the indictment charged, in relevant part:

[The Appellant] on or about June 3, 1996, in Madison County, and before the finding of this indictment, did unlawfully and recklessly kill [the victim] during the perpetration of Especially Aggravated Burglary, in violation of T.C.A. §39-13-202, all of which is against the peace and dignity of the State of Tennessee.

According to his argument, that count of the indictment listed an incorrect *mens rea* for the offense of felony murder. The trial court dismissed the habeas corpus petition without a hearing. The Appellant appealed, and the State has filed a motion to affirm pursuant to Court of Criminal Appeals Rule 20. For the reasons stated below, said motion is hereby granted.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief, and Tennessee Code Annotated Sections 29-21-101 *et seq.* codify the applicable procedures for seeking such a writ. The grounds upon which our law provides relief are very narrow, however. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record of the proceedings that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." *McLaney*, 59 S.W.3d at 93.

"[T]he validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn.1998). However, so long as the indictment performs its essential constitutional and statutory purposes, habeas corpus relief is not warranted. *Id*. An indictment passes constitutional muster if it provides: (1) notice of the charge against which the accused must defend himself; (2) an adequate basis for the entry of a proper judgment; and (3) protection of the accused from double jeopardy. *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). In addition, an indictment must "state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment." Tenn. Code Ann. § 40-13-202.

2

At the time of the offenses in this case, the first degree murder statute provided that felony murder was the "killing of another committed in the perpetration of or attempt to perpetrate any first degree murder, arson, rape, robbery, burglary, theft, kidnapping, aggravated child abuse or aircraft piracy." Tenn. Code Ann. § 39-13-202(a)(2) (1997). That statute provides that "[n]o culpable mental state is required" for felony murder "except the intent to commit" the underlying felony. § 39-13-202(b). As noted above, however, the indictment in this case recited the language of the first degree murder statute before it was amended in 1995 when felony murder was defined as the "reckless killing of another committed" during the underlying felony. *See* Tenn. Code Ann. § 39-13-202(a)(2) (1991). Contrary to the State's assertion, the effective date of the 1995 amendment was July 1, 1995, not July 1, 1996. 1995 Tenn. Pub. Ch. 460 (S.B. 1749). Thus, the Appellant faced prosecution under the statute as amended. As such, the Appellant argues that inclusion of the "reckless" *mens rea* rendered the felony murder count of the indictment void because the Appellant was not given sufficient notice of the charged offense. We disagree.

An indictment that achieves its "overriding purpose of notice to the accused will be considered sufficient to satisfy both constitutional and statutory requirements." *State v. Hammonds,* 30 S.W.3d 294, 300 (Tenn. 2000). Indeed, the supreme court "has relaxed the strict pleading requirements of common law as noted in *Ruff v. State*, 978 S.W.2d 95, 100 (Tenn. 1998), by holding that an indictment which includes a reference to the criminal statute that sets forth the *mens rea* is sufficient to give a defendant notice of the applicable mental state." *State v. Carter*, 988 S.W.2d 145, 149 (Tenn. 1999) (affirming sufficiency of felony murder indictment that included citation to statute but omitted reference to applicable "reckless" *mens rea*). This Court previously addressed a similar issue as the one raised in this appeal in *State v. Tyrone Sain*, No. 02C01-9710-CC-00379, 1998 WL 999905 (Tenn. Crim. App., Dec. 24, 1998). In that case, the indictment referenced the wrong *mens rea* for the offense charged. Citing *Hill*, we held that erroneous reference did not render the indictment void because "there was a specific reference in the indictment to the statute allegedly violated" and the "culpable mental state was easily ascertained by reference to [that] statute." *Sain*, 1998 WL 999905 at *4. This Court has also "concluded that a reference in an indictment to the wrong statute number is not a fatal defect if the language is otherwise sufficient." *Hugh Andrew Nicely v. State*, No. M2006-01892-CCA-R3-PC, 2008 WL 544600, at *14 (Tenn. Crim. App. Feb. 22, 2008) (citations omitted). Similarly, "[i]t is well-settled that an indictment is not defective because of the inclusion of surplusage if, after eliminating the surplusage, the offense is still sufficiently charged." *Joey Lee Smith v. Kevin Myers, Warden*, No. M2005-01732-CCA-R3-HC, 2005 WL 3681656, at *2 (Tenn. Crim. App. Jan. 18, 2006) (citations omitted). The indictment in the case at hand cited the correct statute for the offense charged; it simply included some outdated language. The cases cited herein teach us, however, that said error did not affect the sufficiency of the notice to the Appellant of

3

the offense charged.  It is evident that, upon reading the felony murder count of the indictment, the requirements of *Hill* and Section 40-13-202 were satisfied in this case.   In the direct appeal, this Court concluded that the evidence was sufficient to support the Appellant's conviction for felony murder. *Adams*, 1998 WL 556174.

For these reasons, the order of the trial court is affirmed in accordance with Court of Criminal Appeals Rule 20.

_____
THOMAS T. WOODALL, PRESIDING JUDGE