
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

### GEORGE WASHINGTON MATTHEWS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Trousdale County**
**No. 16-CV-4525**

---

### No. M2016-01011-CCA-R3-HC

---

The Appellant, George Washington Matthews, appeals the trial court's summary dismissal of his petition for habeas corpus relief. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and TIMOTHY L. EASTER, J. joined.

George Washington Matthews, Pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Appellant was charged in a three-count indictment with possession with intent to deliver a controlled substance and attempt to introduce a controlled substance and other contraband (cell phone) into a penal institution. He was convicted on all three counts. At issue in this appeal is whether the trial court properly dismissed his habeas corpus challenge to the sufficiency of two counts of the indictment charging attempt to introduce the prohibited items into prison. Count Two of the indictment charged, in relevant part:

> [The Appellant] unlawfully and knowingly, with unlawful intent, did attempt to take a controlled substance, to-wit: Marijuana, a Schedule VI drug, into the Northwest Correctional Complex where prisoners are quartered, in violation of [T.C.A.] § 39-16-201.

Count Three charged, in relevant part:

> [The Appellant] unlawfully and knowingly, with unlawful intent, did attempt to take contraband, to-wit: cell phones, into the Northwest Correctional Complex where prisoners are quartered, in violation of [T.C.A.] § 39-16-201.

According to his argument, these two counts are insufficient because they do not allege some overt act committed toward the commission of the offense. The trial court dismissed the petition without a hearing. The Appellant appealed, and the State has filed a motion to affirm pursuant to Court of Criminal Appeals Rule 20. For the reasons stated below, said motion is hereby granted.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief, and Tennessee Code Annotated sections 29-21-101 *et seq.* codify the applicable procedures for seeking such a writ. The grounds upon which our law provides relief are very narrow, however. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record of the proceedings that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." *McLaney*, 59 S.W.3d at 93.

"[T]he validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). However, so long as the indictment performs its essential constitutional and statutory purposes, habeas corpus relief is not warranted. *Id*. An indictment passes constitutional muster if it provides: (1) notice of the charge against which the accused must defend himself; (2) an adequate basis for the entry of a proper judgment; and (3) protection of the accused from double jeopardy. *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). In addition, an indictment must "state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the judgment." Tenn. Code Ann. § 40-13-202.

The Appellant is correct to note that an indictment charging attempt "must allege some overt act committed toward the commission of the offense." *State v. Lewis*, 36 S.W.3d 88, 97 (Tenn. Crim. App. 2000). As quoted above, and contrary to the Appellant's argument, however, the indictment in this case did allege overt acts toward the

commission of introducing prohibited items into the prison and specifically identified those items. Accordingly, the trial court correctly ruled that the indictment in this case was sufficient. *See State v. Hammonds*, 30 S.W.3d 294, 300 (Tenn. 2000) ("an indictment need not allege the specific theory or means by which the State intends to prove each element of an offense to achieve the overriding purpose of notice to the accused").

The Appellant also challenges part of the trial court's instruction to the jury. The Appellant did not present this issue to the trial court in his habeas corpus petition. "[I]ssues raised for the first time on appeal are waived." *State v. Alvarado*, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996).

For these reasons, the order of the trial court is affirmed in accordance with Court of Criminal Appeals Rule 20.


_____
ROBERT W. WEDEMEYER, JUDGE