IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 27, 2019

## STATE OF TENNESSEE V. HELEN RUTH KIRBY

**Appeal from the Criminal Court for Roane County**
**No. 11828     Jeffery Hill Wicks, Judge**

_____

### No. E2019-00122-CCA-R3-HC

_____

Petitioner, Helen Ruth Kirby, appeals from the summary denial of her petition for writ of habeas corpus challenging her guilty-pleaded conviction for second degree murder. Because Petitioner failed to state a cognizable claim for habeas corpus relief, we affirm the judgment of the trial court.

### Tenn. R. App P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Tracey Vought Williams, Petros, Tennessee, for the appellant, Helen Ruth Kirby.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Russell Johnson, District Attorney General; and Robert Edwards, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Nearly twenty-two years ago, Petitioner was indicted for one count of first degree murder for the December 1997 death of her husband, Larry Kirby. According to the State's recitation of the facts, Petitioner shot her husband in the head while he was reclined on the couch recuperating from an injury and then staged the scene to look as though her husband died in an attempted robbery. On March 20, 2000, Petitioner pled guilty to the reduced charge of second degree murder with an agreed Range III sentence of 45 years to be served at 100% as a violent offender, less any sentence credits up to 15%. From the record before this Court, it appears that nothing further happened with this case until Petitioner filed a pro se notice of appeal on November 9, 2006, and an

original petition for post-conviction relief in this Court, both of which were dismissed for lack of jurisdiction on May 7, 2007.  On September 6, 2007, Petitioner filed a notice of appeal with the Tennessee Supreme Court, which was treated as a Tennessee Rule of Appellate Procedure 11 application for permission to appeal and was dismissed as untimely on September 27, 2007.

On June 12, 2017, Petitioner filed a pro se "Motion to Modify Judgment," arguing that she should not have been sentenced as a Range III offender because she had no prior convictions.  On August 24, 2017, the State filed a "Response to the Motion to Modify Judgment," asserting that the motion was untimely as either a Tennessee Rule of Criminal Procedure 35 motion for reduction of sentence or as a petition for post-conviction relief.  On October 23, 2017, the trial court issued an order reviewing the complicated procedural history of the case.  The trial court noted that Petitioner had filed a pro se petition for post-conviction relief on November 9, 2006,[1] that she was appointed an attorney in December of that year, and that her post-conviction attorney was subsequently disbarred in 2015 without any further action having been taken on her petition.  The trial court appointed Petitioner's current appellant counsel to represent Petitioner on both her pending motion and petition for post-conviction relief.

On October 26, 2018, Petitioner, through counsel, filed an "Amended Petition for Post-Conviction Relief and Application for Writ of Habeas Corpus."  As her stated grounds for habeas corpus relief, Petitioner asserted that her guilty plea was invalid and her conviction void because the trial court failed to substantially comply with Tennessee Rule of Criminal Procedure 11 when accepting her guilty plea and because she did not affirmatively admit her guilt during the plea colloquy.  Petitioner asserted that these failures rendered her guilty plea unknowing and involuntary.[2]  On November 26, 2018, the State, through the Attorney General's Office representing the Tennessee Department of Correction,[3] filed a "Motion to Dismiss Petition for Writ of Habeas Corpus," asserting that Petitioner failed to state a cognizable claim for habeas corpus relief.  The trial court summarily dismissed the portion of the petition seeking a writ of habeas corpus on December 19, 2018.

Petitioner filed a timely notice of appeal on January 17, 2019.  On January 18, 2019, Petitioner filed a motion to stay these appellate proceedings until the resolution of

---

[1] This petition is not in the record on appeal.

[2] Petitioner also challenged the voluntary nature of her guilty plea, as well as raised a claim of ineffective assistance of counsel, as grounds for post-conviction relief.

[3] The State noted in its response that any answer to the post-conviction claims must come from the district attorney general's office.

the post-conviction proceedings in the trial court.  This Court denied the motion to stay on January 23, 2019.[4]

*Analysis*

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint."  T.C.A. § 29-21-101.  While there is no statute of limitations for filing a petition for a writ of habeas corpus, the grounds upon which relief may be granted are narrow.  *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).  Habeas corpus relief is only available when it appears on the face of the judgment or record of the proceedings that the convicting court was without jurisdiction or that the defendant is still imprisoned despite the expiration of his sentence.  *Id*.; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).  In other words, habeas corpus relief may be granted only when the judgment of conviction is void, rather than merely voidable.  *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007).  A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment."  *Id*. at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)).  A voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity."  *Id*.

The petitioner bears the burden of showing, by a preponderance of the evidence, that the judgment is void.  *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).  However, if the habeas corpus court determines that there is nothing on the face of the judgment to indicate that the conviction contained therein is illegal, it may summarily dismiss the petition without the appointment of counsel and without an evidentiary hearing.  *Summers*, 212 S.W.3d at 261; T.C.A. § 29-21-109.  Because the issue of whether habeas corpus relief should be granted is a question of law, we conduct a de novo review without any presumption of correctness given to the decision of the lower court.  *Summers*, 212 S.W.3d at 255.

Petitioner argues that the trial court's failure to substantially comply with requirements of Tennessee Rule of Criminal Procedure 11 rendered her guilty plea invalid and her subsequent conviction void.  However, this Court has repeatedly "held

---

[4] In the technical record, which was filed after this Court denied Petitioner's motion to stay, there is an out-of-place page titled "Conclusion" and numbered 5 but with no other header, case number, or signature.  This page summarizes Petitioner's mental health history and states, "The statute of limitations for filing her petition for post-conviction relief will not be tolled because the petitioner has failed to prove that she was or is mentally incompetent."  Thus, it appears that Petitioner's post-conviction proceedings may have been concluded sometime before the technical record was transmitted to this Court on April 22, 2019.  However, this Court has no record of a pending appeal from Petitioner's post-conviction proceedings.  This opinion will only address Petitioner's habeas corpus claims.

that a 'claim that the trial court failed to comply with Rule 11 of the Tennessee Rules of Criminal Procedure is an allegation that would render a conviction voidable, not void.'" *Peter D. Billington v. Shawn Phillips, Warden*, No. W2018-01915-CCA-R3-HC, 2019 WL 1450394, at *2 (Tenn. Crim. App. Mar. 29, 2019) (quoting *Cedric Jeffries v. Steven Dotson, Warden*, No. W2009-00816-CCA-R3-HC, 2009 WL 4789975, at *2 (Tenn. Crim. App. Dec. 14, 2009), *no perm. app. filed*), *perm. app. denied* (Tenn. July 19, 2019). Rule 11 is designed "to ensure that guilty pleas are voluntarily, knowingly, and intelligently entered." *Lane v. State*, 316 S.W.3d 555, 563 (Tenn. 2010). The Tennessee Supreme Court has held that the "[v]oluntariness of the plea . . . has no relevance in a habeas corpus proceeding." *Summers*, 212 S.W.3d at 259 (citing *Archer*, 851 S.W.2d at 164). Moreover, any omission from the required litany of advice is reviewed for harmless error. *Lane*, 316 S.W.3d at 565. Thus, a trial court's failure to fully advise a defendant of her constitutional rights prior to accepting a guilty plea "merely renders the related judgment voidable rather than void." *State v. Neal*, 810 S.W.2d 131, 134 (Tenn. 1991), *overruled in part on other grounds by Blankenship v. State*, 858 S.W.2d 897, 902 (Tenn. 1993). Because Petitioner has failed to state a cognizable claim, the trial court did not err in summarily denying habeas corpus relief.

*Conclusion*

Based on the foregoing, we affirm the judgment of the trial court.

_____
TIMOTHY L. EASTER, JUDGE

- 4 -