IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 11, 2019

**FREDERICK R. ROSS, JR. v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sumner County**
**No. 548-2015       Dee David Gay, Judge**

_____

**No. M2019-01117-CCA-R3-HC**

_____

Petitioner, Frederick R. Ross, Jr., appeals from the summary denial of his petition for writ of habeas corpus challenging his guilty-pleaded conviction for selling hydrocodone, a Schedule II drug. Because Petitioner failed to state a cognizable claim for habeas corpus relief, we affirm the judgment of the habeas corpus court.

**Tenn. R. App P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Frederick, R. Ross, Jr., Gallatin, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; L. Ray Whitely, District Attorney General; and Bryna Grant, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

As relevant to this appeal, on November 23, 2015, Petitioner pled guilty to one count of selling a Schedule II controlled substance, hydrocodone, with an offense date of May 15, 2015, along with multiple counts in other cases. *See State v. Frederick R. Ross*, No. M2016-02180-CCA-R3-CD, 2018 WL 1152005, at *1 (Tenn. Crim. App. Mar. 5, 2018), *no perm. app. filed*. Petitioner received a sentence of 6 years for the sale of hydrocodone, and the trial court suspended the total effective sentence of 12 years to supervised probation. *Id*. at *1. Petitioner's probation was subsequently revoked, and Petitioner was ordered to serve his sentence. *Id*. at *3.

On May 7, 2019, Petitioner filed a pro se petition for habeas corpus relief. Petitioner claimed that hydrocodone did not become a Schedule II controlled substance until July 1, 2015, 57 days after his offense. As a result, Petitioner argued that the judgment and indictment in his case charged an "ex[ ]post facto offense, are void and must be dismissed." The habeas corpus court summarily dismissed the petition on May 29, 2019, after concluding that hydrocodone was listed as a Schedule II controlled substance on the date of the offense, making the judgment facially valid and not void. It is from this dismissal that Petitioner filed a timely notice of appeal.

*Analysis*

Petitioner argues that the indictment and subsequent conviction for sale of a Schedule II controlled substance are illegal and void as a violation of the constitutional prohibition against ex post facto laws because hydrocodone was listed as a Schedule III controlled substance instead of a Schedule II controlled substance on the date of the offense. Petitioner also argues that the habeas corpus court erred in not appointing him an attorney. The State argues that the habeas corpus court properly dismissed the petition without a hearing because Petitioner's grounds for the writ were meritless and not cognizable for habeas corpus relief. We agree with the State.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. While there is no statute of limitations for filing a petition for a writ of habeas corpus, the grounds upon which relief may be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is only available when it appears on the face of the judgment or record of the proceedings that the convicting court was without jurisdiction or that the defendant is still imprisoned despite the expiration of his sentence. *Id.*; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment of conviction is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.*

The petitioner bears the burden of showing, by a preponderance of the evidence, that the judgment is void. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). However, if the habeas corpus court determines that there is nothing on the face of the judgment to indicate that the conviction contained therein is illegal, it may summarily dismiss the petition without the appointment of counsel and without an evidentiary hearing. *Summers*, 212 S.W.3d at 261; T.C.A. § 29-21-109. Because the issue of whether habeas

corpus relief should be granted is a question of law, we conduct a de novo review without any presumption of correctness given to the decision of the lower court. *Summers*, 212 S.W.3d at 255.

Ex post facto laws are forbidden under both the United States and Tennessee Constitutions. *See* U.S. Const. art. 1, §10, cl. 1; Tenn Const. art. I, § 11. The Ex Post Facto Clause of the Tennessee Constitution has the same definition and scope as the federal clause. *State v. Pruitt*, 510 S.W.3d 398, 416 (Tenn. 2016). Generally, the ex post facto prohibition is aimed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." *Kaylor v. Bradley*, 912 S.W.2d 728, 732 (Tenn. Ct. App. 1995) (quoting *California Dep't of Corrs. v. Morales*, 514 U.S. 499, 504 (1995)). Our supreme court has established five broad categories of laws that violate the Ex Post Facto Clause of the Tennessee Constitution, including a "law which aggravates a crime or makes it greater than when it was committed." *Miller v. State*, 584 S.W.2d 758, 761 (Tenn. 1979) (internal citations omitted), *overruled on other grounds by Pruitt*, 510 S.W.3d at 416.

Tennessee Code Annotated 39-17-408 has included hydrocodone on the list of Schedule II controlled substances since April 25, 2012. *See* 2012 Tenn. Pub. Acts ch. 812, § 6. Petitioner's offense date for the sale of hydrocodone is listed on the judgment form as May 5, 2015. Consequently, Petitioner's conviction for the sale of a Schedule II controlled substance was not an ex post facto violation, and the judgment is not void. Because the judgment is not void, the habeas corpus court was correct in summarily dismissing the petition and not appointing an attorney for Petitioner. *See Summers*, 212 S.W.3d at 261. Because Petitioner has failed to state a cognizable claim, Petitioner is not entitled to habeas corpus relief.

*Conclusion*

Based on the foregoing, we affirm the judgment of the habeas corpus court.

_____
TIMOTHY L. EASTER, JUDGE