IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 12, 2020

## JEROME PERKINS v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Circuit Court for Trousdale County
No. 2019-CV-4755  John D. Wootten, Jr., Judge**

_____

### No. M2019-00959-CCA-R3-HC

_____

The Petitioner, Jerome Perkins, appeals the Trousdale County Circuit Court's summary denial of his petition for a writ of habeas corpus, seeking relief from his conviction of possession of one-half gram or more of cocaine with intent to sell or deliver and resulting fifteen-year sentence. Based upon the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Jerome Perkins, pro se, Hartsville, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Linda Walls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

In June 2011, the Wilson County Grand Jury indicted the Petitioner for possession of one-half gram or more of cocaine with intent to sell or deliver, a Class B felony, and driving on a revoked license, third offense, a Class A misdemeanor. The Petitioner pled guilty to driving on a revoked license, third offense, and proceeded to trial on the possession charge. A jury convicted him of the offense, and the trial court sentenced him as a Range II, multiple offender to fifteen years in confinement. The trial court sentenced

him to a concurrent sentence of eleven months, twenty-nine days for driving on a revoked license, third offense.

On direct appeal of the Petitioner's convictions, this court gave the following factual account of the crimes:

At appellant's October 11, 2012 trial, the State called Officer James Tuggle with the Lebanon Police Department as its first witness. He had attended several schools involving drug interdiction and drug identification and had also amassed on-the-job training in his over nine years of law enforcement experience. Officer Tuggle testified that on November 6, 2010, he was working in the West Main Street area, which was known for drug activity. As Officer Tuggle observed a residence, he saw appellant pull away from the residence driving a white Chrysler Sebring. The vehicle had a nonfunctioning brake light, so Officer Tuggle initiated a traffic stop of the vehicle on Hill Street. After obtaining appellant's personal information, Officer Tuggle confirmed that appellant's driver's license had been revoked. Officer Tuggle then placed appellant under arrest. During the search incident to arrest, Officer Tuggle found a plastic bag that contained what appeared to be crack cocaine in appellant's left shoe. Officer Tuggle believed that appellant possessed the crack cocaine for the purpose of selling it based upon his presence at a residence known by police to be a "drug den"; his possession of $83 in his pocket coupled with his being unemployed; his lack of drug paraphernalia that would indicate possession for personal use; and his general health and appearance, which suggested that appellant did not use drugs himself.

On cross-examination, Officer Tuggle admitted that he was unaware of whether appellant possessed the crack cocaine when he entered the residence or whether he purchased it while visiting the residence. He also acknowledged that he found neither a weapon nor scales in appellant's possession, which would be common for a drug dealer to possess. He also confirmed that he did not return to the residence or interview any of the occupants therein to corroborate his opinion. Officer Tuggle stated that the plastic bag containing crack cocaine was not subjected to fingerprint testing. Officer Tuggle opined that a person would not smoke more than 0.5 grams of crack cocaine at one time, so he inferred that appellant possessed 1.6 grams to sell.

On redirect examination, Officer Tuggle stated that a "crack head" would not normally wait to use the remainder of the drugs in his possession

at a later time. He characterized the size of the rock as the size of a thumbnail, whereas the amount that would fit inside a crack pipe was smaller than a "pinkie" nail.

Tennessee Bureau of Investigation Special Agent Forensic Scientist William Stanton testified next and confirmed that the rock was crack cocaine that had been "cut," or combined with another substance, and that it weighed 1.6 grams.

Lebanon Police Officer Jason Toporowski testified that he responded to Officer Tuggle's traffic stop of appellant's vehicle. When he arrived, Officer Tuggle had already taken appellant into custody. Officer Tuggle requested that appellant remove his shoes, and when he complied, Officer Toporowski observed a clear plastic bag fall from the shoe. He also confirmed that he knew the residence in question to be a "drug house," or a place that people frequented to use drugs. The State then rested its case-in-chief.

Appellant did not present any evidence.

State v. Jerome Antwaune Perkins, No. M2013-02164-CCA-R3-CD, 2014 WL 2829390, at *1 (Tenn. Crim. App. at Nashville, June 20, 2014), perm. app. denied, (Tenn. Sept. 25, 2014).

After our supreme court denied the Petitioner's application for permission to appeal, he filed a timely pro se petition for post-conviction relief, claiming that he received the ineffective assistance of trial counsel. Jerome Perkins v. State, No. M2017-00801-CCA-R3-PC, 2018 WL 4770886, at *6 (Tenn. Crim. App. at Nashville, Oct. 2, 2018), perm. app. denied, (Tenn. Mar. 28, 2019). The post-conviction court appointed counsel, held an evidentiary hearing, and denied the petition. See id. at *1-2. This court affirmed the judgment of the post-conviction court. Id. at *9.

On February 27, 2019, while the Petitioner's application for permission to appeal to our supreme court was pending, he filed a pro se petition for a writ of habeas corpus, alleging that his drug conviction was void because his preliminary hearing transcript was destroyed to "cover up" violations of his constitutional rights; because the State destroyed the video-recording of his traffic stop, which would have shown that his car's taillights and brake lights were functioning at the time of his traffic stop; and that the district attorney general, the assistant district attorney general, trial counsel, and the trial court judge conspired to convict him.

On March 28, 2019, our supreme court denied the Petitioner's application for permission to appeal in his post-conviction case. On May 13, 2019, the habeas corpus court summarily denied his petition for a writ of habeas corpus, finding that his conviction was not void and that his sentence had not expired.

## II. Analysis

The Petitioner contends that his conviction and sentence are void because trial counsel was ineffective, because the prosecutor committed prosecutorial misconduct by proceeding to trial when the audio-recording of his preliminary hearing and the video-recording of his traffic stop had been destroyed, because the chain of custody for the cocaine found during his traffic stop was "broken," and because an all-white jury was empaneled to try him, a "black man," in violation of Batson v. Kentucky, 476 U.S. 79 (1986). The State argues that the habeas corpus court properly denied the petition. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000); see also Tenn. Code Ann. § 29-21-101. The determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness.

The Petitioner contends that his sentence and judgment of conviction are void. However, the trial court properly sentenced him to fifteen years as a Range II offender convicted of a Class B felony. See Tenn. Code Ann. § 40-35-112(b)(2). His sentence has not expired, and his petition does not show a void judgment, which is "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998).

Although the Petitioner contends that he is entitled to relief because trial counsel was ineffective, because the prosecutor committed prosecutorial misconduct, and because the State failed to show a chain of custody for the drug evidence, such claims are not cognizable in a habeas corpus proceeding. See Anthony H. Dean v. Lindamood, No. M2016-00033-CCA-R3-HC, 2016 WL 4446804, at *3 (Tenn. Crim. App. at Nashville, Aug. 22, 2016) (prosecutorial misconduct); Asata D. Lowe v. State, No. M2009-00444-CCA-R3-HC, 2010 WL 143781, at *1 (Tenn. Crim. App. at Nashville, Jan. 13, 2010) (ineffective assistance of counsel); James Richard Jackson v. State, No. 03C01-9904-CC-

- 4 -

00164, 2000 WL 66090, at *1 (Tenn. Crim. App. at Knoxville, Jan. 27, 2000) (chain of custody). As to the Petitioner's <u>Batson</u> claim, the Petitioner failed to raise the issue in his petition for a writ of habeas corpus. Accordingly, the habeas corpus court did not address the issue, and the issue is waived. <u>See</u> <u>Matthew Jackson v. State</u>, No. W2011-00583-CCA-R3-HC, 2011 WL 3849558, at *2 (Tenn. Crim. App. at Jackson, Aug. 31, 2011).

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the habeas corpus court's summary denial of the petition for a writ of habeas corpus.

_____
NORMA MCGEE OGLE, JUDGE