IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 19, 2020

**SANTOS M. MARTINEZ-ALEMAN v. RUSSELL WASHBURN, WARDEN**

**Appeal from the Circuit Court for Trousdale County**
**No. 2019-CV-4807  John D. Wootten, Jr., Judge**

_____

**No. M2019-02174-CCA-R3-HC**
_____

Santos M. Martinez-Aleman, Petitioner, appeals from the denial of habeas corpus relief from his guilty plea to two counts of sexual battery and resulting twelve-year sentence. After a review, we affirm the denial of habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Santos M. Martinez-Aleman, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; for the appellee, State of Tennessee.

**OPINION**

In 2017, Petitioner pled guilty to two counts of aggravated sexual battery in the Circuit Court of Rutherford County. Petitioner received a twelve year sentence. On November 20, 2017, Petitioner filed a pro se notice of appeal. This Court issued a show cause order on January 26, 2018, asking Petitioner to show why his appeal should proceed as its scope went beyond the limited right to direct appeal in a guilty plea proceeding. Petitioner did not respond, and this Court issued an order dismissing the appeal. *See State v. Santos Marin Martinez-Aleman*, No. M2017-02285-CCA-R3-CD (Tenn. Ct. Crim. App. Mar. 13, 2018) (order).

On October 23, 2019, Petitioner filed a petition for writ of habeas corpus. On November 4, 2019, the habeas corpus court dismissed the petition because Petitioner was seeking untimely post-conviction relief and had failed to include "essential documents as required by Tennessee's Habeas Corpus Act." Petitioner filed a notice of appeal on December 9, 2019.[1]

*Analysis*

On appeal, Petitioner challenges the habeas corpus court's denial of relief. The State argues that the habeas corpus court properly dismissed the petition for a writ of habeas corpus.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. While there is no statute of limitations for filing a petition for a writ of habeas corpus, the grounds upon which relief may be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is only available when it appears on the face of the judgment or record of the proceedings that the convicting court was without jurisdiction or that the defendant is still imprisoned despite the expiration of his sentence. *Id*.; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment of conviction is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id*. at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id*.

The petitioner bears the burden of showing, by a preponderance of the evidence, that the judgment is void. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Further, Petitioner "bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers* 212 S.W.3d at *261. When a petitioner fails to attach to his petition sufficient documentation supporting his claims, the habeas corpus court may summarily dismiss the petition. *Id*.; T.C.A. § 29-21-109. Because the issue of whether habeas corpus relief should be granted is a question of law, we conduct a de novo review without any presumption of correctness given to the decision of the lower court. *Summers*, 212 S.W.3d at 255.

---

[1] The certificate of service states the notice was mailed on December 4, 2019.

Here, Petitioner claims that habeas relief should be granted on the grounds of involuntariness of his plea due to ineffective assistance of counsel, denial of Petitioner's right against self-incrimination, the alleged failure of the State to provide exculpatory evidence, and sentencing errors. Simply put, these claims are not cognizable for habeas relief.

"Voluntariness of the plea . . . has no relevance in a habeas corpus proceeding." *Id*. at 259. A violation of the privilege against self-incrimination is not cognizable in a habeas corpus proceeding. *Christopher A. Williams v. Tony Howerton, Warden*, No. E2012-00932-CCA-R3-HC, 2012 WL 4767213, at *2 (Tenn. Crim. App. Oct. 8, 2012), *no perm. app. filed*. Failure to disclose evidence is not a proper basis for habeas corpus relief. *Thomas Edward Kotewa v. Brenda Jones, Warden*, No. W2014-01290-CCA-R3-HC, 2015 WL 1291392, at *2 (Tenn. Crim. App. Mar 19, 2015), *perm. app. denied*. (Tenn. May 19, 2015). Misapplication of enhancement or mitigating factors is not a ground for habeas corpus relief. *State v. Miko T. Burl*, No. W2017-01911-CCA-R3-CD, 2018 WL 2688121, at *1 (Tenn. Crim. App. June 4, 2018), *no perm. app. filed*.

Finally, Petitioner has failed to include a copy of the judgments for his convictions or any other documentation supporting his assertions. Consequently, the habeas corpus court properly denied relief.

*Conclusion*

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE